United States District Court
Southern District of Texas
**ENTERED**
April 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE ALI JONES, TDCJ–CID #01183592, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-3132 |
| BOBBY LUMPKIN, | § § § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a Texas Department of Criminal Justice ("TDCJ") prisoner proceeding *pro se*, filed this habeas petition under 28 U.S.C. §§ 2254 and 2241 challenging his state court convictions and the execution of his sentence.

After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and considering matters of public online court record, the Court **DISMISSES** this lawsuit for the reasons that follow.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of aggravated sexual assault in August 2003 and sentenced to a 45-year term of imprisonment under Cause No. 917355 in the 182nd District Court of Harris County, Texas. The conviction was affirmed on direct appeal. *Jones v. State*, No. 01-03-00828-CR, 2005 WL 174484, at *5 (Tex. App.—Houston [1st Dist.] Jan. 27, 2005, no pet.) (mem. op., not designated for publication).

Petitioner also states that he was convicted of possession of a controlled substance in March 2002 and sentenced to a one-year state jail term in Cause No. 835752 in the 182nd District Court of Harris County, Texas.

Although petitioner states he is challenging a May 2021 prison disciplinary conviction he received at the Wynne Unit for "refusing housing," his actual habeas claims do not challenge the disciplinary conviction. (Docket Entry No. 1, pp. 2, 5.) To the contrary, petitioner raises complaints regarding his 2002 one-year state jail sentence and his 2003 holding conviction. According to petitioner, his confinement is unlawful due to defects in the underlying commitment and judgment papers.

Petitioner further complains he is unlawfully housed at the Wynne Unit in violation of TDCJ classification plans and policies, and was given an incorrect travel card.

As judicial relief, petitioner seeks immediate release from incarceration.

## II. ANALYSIS

### A. Disciplinary Conviction

Petitioner states that he was given a disciplinary conviction at the Wynne Unit in May 2021 for "refusing housing," for which he lost good time credit and line class status. His administrative appeals of the conviction were denied.

In the context of prison disciplinary proceedings, a prisoner's right to habeas relief is governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). This clause protects a

prisoner charged with a prison rules violation only when the disciplinary proceeding results in a sanction that infringes on a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). In Texas, prisoners eligible for release to mandatory supervision have a constitutional expectancy of early release and thus a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000). Prisoners not eligible for release to mandatory supervision have no such protected liberty interest.

Although petitioner reports he is eligible for mandatory supervised release, he is incorrect. The mandatory supervised release statute in effect when the offense was committed determines an inmate's eligibility for release on mandatory supervision. *Ex parte Thompson*, 173 S.W.3d 458, 458–59 (Tex. Crim. App. 2005). At the time petitioner committed the offense in July 2002, section 508.149(a) was in effect and applicable to him. TEX. GOV'T CODE ANN. § 508.149(a). Under that statutory provision, a prisoner may not be released on mandatory supervision if he is serving a sentence for or has been previously convicted of aggravated sexual assault. *Id.*, § 508.149(a)(8).

Even assuming petitioner were eligible for mandatory supervised release, he provides no factual allegations supporting his claim that the disciplinary conviction denied him procedural due process. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that a prisoner is entitled to certain due process procedures in disciplinary proceedings, specifically: "(1) written notice of the charges at least 24 hours

prior to a disciplinary hearing; (2) an opportunity to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders as to the evidence relied on and the reason for the disciplinary action." *See Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009) (internal quotation marks omitted). In order for a disciplinary conviction to stand, a reviewing court need only find "some evidence" supporting the conviction. *Id.* Petitioner pleads no factual allegations raising a violation of his procedural due process rights under *Wolff*.

Because petitioner raises no cognizable federal due process habeas challenge to his May 2021 prison disciplinary conviction, his complaints as to the disciplinary conviction are **DISMISSED WITHOUT PREJUDICE**.

  B. <u>Housing</u>

Petitioner further claims that he is being illegally held and housed in violation of TDCJ classification plans and policies, and was given an incorrect travel card. Petitioner's complaints regarding his housing classification and travel card, standing alone, do not constitute independent grounds for federal habeas relief, and no cognizable habeas claim is raised.

Petitioner's habeas challenges to his housing classification and travel card are **DISMISSED WITHOUT PREJUDICE**.

C.  2002 Conviction In Case No. 835752

Petitioner states that in March 2002 he was convicted in Case No. 835752 in the 182nd District Court of Harris County, Texas, and sentenced to a one-year state jail term for possession of a controlled substance. He appears to argue that there are no valid commitment papers or a judgment for his resulting incarceration.

Habeas relief under section 2254 can be granted by a federal court only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). Petitioner served his one-year sentence and is no longer in custody under the 2002 conviction, and he pleads no collateral consequences of the conviction. *See Ex parte Andre Jones*, Cause No. 835752-A in the 182nd District Court of Harris County, Texas, Findings of Fact and Conclusions of Law signed October 17, 2022 ("The applicant is no longer confined pursuant to the judgment of the 182nd District Court in cause no. 0835752, and fails to allege a collateral consequence causing confinement.").

Petitioner is not in custody under the conviction and raises no factual allegations establishing a collateral consequence. Consequently, his habeas challenges to the 2002 conviction are **DISMISSED FOR LACK OF JURISDICTION**.

D.  2003 Conviction In Case No. 917355

Petitioner further appears to argue that in lieu of serving only the one-year state jail sentence, he was transferred to the TDCJ to serve a 45-year sentence from a 2003 Harris

County conviction for aggravates sexual assault in Case No. 917355 in the same court. Petitioner contends that his confinement under the convictions is unlawful because the 2003 judgment was "falsified" and that he was received into TDCJ in violation of their classification plan and procedures as there was no valid judgment in either the 2002 or 2003 convictions.

Under 28 U.S.C. §§ 2254(b)(1) and (c), a federal habeas petitioner must exhaust all available state court remedies before he may obtain federal habeas relief. Under this framework, exhaustion means that a petitioner must present all of his habeas claims fairly to the state's highest court before seeking relief in federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). In Texas, habeas claims challenging a state conviction must be exhausted through the Texas Court of Criminal Appeals, either through a petition for discretionary review or an application for state habeas relief. Exceptions exist only where a petitioner shows there is an absence of available state corrective process or circumstances exist that render such process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

Public state court online records for the Texas Court of Criminal Appeals show that petitioner filed an application for state habeas relief with the trial court on September 23, 2022, as to his 2003 conviction. *See Ex parte Andre Jones*, Cause No. 917355-A in the 182nd District Court of Harris County, Texas; *see also Ex parte Andre Jones*, WR 61,643-10 (Tex. Crim. App.). The habeas proceeding remains pending, and the Texas Court of Criminal Appeals granted the state trial court an extension until June 9, 2023, to file findings

of fact. Consequently, it is clear that petitioner's state court remedies remain unexhausted as to his 2003 conviction, and his habeas claims are **DISMISSED WITHOUT PREJUDICE**.

### III. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Petitioner's habeas claims as to his May 2021 disciplinary conviction and loss of good time credit are **DISMISSED WITHOUT PREJUDICE** for his failure to state a cognizable federal habeas claim.

2. Petitioner's habeas claims regarding his housing classification and travel card fail to state a cognizable habeas claim and are **DISMISSED WITHOUT PREJUDICE**.

3. Petitioner's habeas claims as to his 2002 Harris County conviction in Cause No. 835752 are **DISMISSED FOR LACK OF JURISDICTION**.

4. Petitioner's habeas claims as to his 2003 Harris County conviction in Cause No. 917355 are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

5. Any and all pending motions are **DISMISSED AS MOOT**.

6. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on APR 2 5 2023.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE ALI JONES,<br>TDCJ–CID #01183592, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-3132 |
| BOBBY LUMPKIN, | § § § | |
| *Respondent*. | § | |

## FINAL JUDGMENT

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, petitioner's habeas claims as to his 2021 disciplinary conviction, housing classification and travel card, and 2003 Harris County conviction are **DISMISSED WITHOUT PREJUDICE**. Petitioner's habeas claims as to his 2002 Harris County conviction are **DISMISSED FOR LACK OF JURISDICTION**.

This is a **FINAL JUDGMENT**.

Signed at Houston, Texas, on _____APR 2 5 2023_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE